No. 7330.
## SHAPPENDOCIA ET AL. *v.* SPENCER ET AL.

PLEADING.—*Replevin Bond.*—*Complaint.*—*Principal and Surety.*—In a complaint on a replevin bond for a breach thereof in failing to return the property after a judgment therefor, it is not necessary to aver who were sureties and who principals in the bond, or to file copies of the writ of replevin and the return of the officer thereon, with such complaint.

From the Grant Circuit Court.

*J. F. McDowell, G. L. McDowell, A. Steele* and *R. T. St. John*, for appellants.

*I. Van Devanter* and *J. W. Lacey*, for appellees.

WOODS, J.—The appellees sued the appellants upon a replevin bond, and obtained a judgment. The appellants saved exceptions to the overruling of their motion for a new trial and their motion in arrest of judgment.

The evidence is not in the record, and we therefore can not say that the verdict is contrary to law, nor that it is not supported by sufficient evidence. The motion in arrest was properly overruled.

Shappendocia *et al. v.* Spencer *et al.*

The substance of the complaint is, that the defendant Shappendocia had sued the plaintiffs in the Grant Circuit Court for the unlawful detention of a bay mare, and on the writ issued in that suit the sheriff, on the 14th day of May, 1877, had taken and delivered the property to said defendant, who, together with his co-defendants, in order to obtain said delivery, executed, to the approval of the sheriff, the bond sued on, a copy of which is filed with and made a part of the complaint; that, in said suit, the appellees obtained a judgment for their costs, and for the return of said property, the value thereof being found to be two hundred dollars; that they had caused a writ for the return of said property to be duly issued to the sheriff of said county, on which the sheriff had made return that said property was not found in his bailiwick, and that no other property of said Shappendocia had been found on which to levy; that, though often requested, said defendant has failed and refused to return said property, and, also, to pay to the plaintiffs the costs so recovered by the plaintiffs against him. Wherefore, etc.

Copy of bond filed with complaint:

"STATE OF INDIANA, GRANT CO., SS. Grant Circuit Court, September Term, 1877.    } Geo. D. Shappendocia *vs.* Otto B. Spencer and Jacob Barnard.

"We undertake that the plaintiff, George D. Shappendocia, shall prosecute this action with effect and without delay, and return the property in controversy to the defendants if a return be adjudged by the court, and pay to them all such sums of money as they may recover against ———— in this action for any cause whatever.

"May 14th, 1877.
　　　　　　　　　　his
　　　　"GEORGE D. X SHAPPENDOCIA,
　　　　　　　　　mark.
　　　　"WM. PECONGA,
　　　　"GEO. N. WINCHELL.
"Attest: R. T. ST. JOHN."

This complaint, it is claimed, is defective because it does not show who were sureties and who principals in the bond; that copies of the writ of replevin and the sheriff's return thereon are not set out; that there is no sufficient averment of a breach of the conditions of the bond, or of a forfeiture thereof; that all the defendants are treated as principals; and that it is not averred that neither of the appellants had returned the mare, nor that there had been a return of no property as to them.

While counsel for the appellants have taken the trouble to state these objections against the complaint, they have ventured upon no argument in their support. There is nothing in them. The appellees not having asked for any damages, we award none.

The judgment affirmed, with costs.